J-S73033-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| GMAC MORTGAGE, LLC, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES W. HOUSEMAN, III, | : | |
| | : | |
| Appellant | : | No. 434 MDA 2014 |

Appeal from the Order entered on February 27, 2014
in the Court of Common Pleas of Adams County,
Civil Division, No. 2010-SU-0000536

BEFORE:  BOWES, WECHT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:            **FILED DECEMBER 31, 2014**

James W. Houseman, III ("Houseman") appeals, *pro se*, from the Order denying his Petition to Set Aside Sheriff's Sale (hereinafter "Petition to Set Aside") in this mortgage foreclosure action.  We affirm.

The trial court judge, the Honorable Thomas R. Campbell ("Judge Campbell"), set forth the relevant factual and procedural history underlying this appeal as follows:

> On March 30, 2010, GMAC Mortgage, LLC ["GMAC",] commenced an action in mortgage foreclosure against [Houseman] on property located at 485 Basehoar School Road, Littlestown, PA 17340 [hereinafter referred to as "the Property"]. Judgment was entered against [Houseman] on May 14, 2010. Sheriff[']s sale of the [P]roperty was stayed multiple times.  On December 1, 2011, the [J]udgment entered on May 14, 2010 was stricken[,] and on January 10, 2012, [Houseman] filed a praecipe to substitute verification.  Judgment was again entered against [Houseman] on July 2, 2012.  Thereafter, Sheriff[']s sale of the [P]roperty was stayed several more times upon motion by [Houseman].

On September 17, 2013, [Houseman] filed a *pro se* Emergency Motion for Stay of Sheriff[']s Sale to postpone the sale scheduled for September 20, 2013. Th[e trial c]ourt ordered that the sale be stayed until November 15, 2013. A status conference was held on November 6, 2013, after which th[e trial c]ourt entered an [O]rder postponing the Sheriff[']s sale until January 17, 2014[,] and directing that the sheriff "re-advertise the date and time of the sale in accordance with normal advertising Rules contained in the Pennsylvania Rules of Civil Procedure." (Trial Court Order, 11/06/13 [(hereinafter referred to as the "Re-advertisement Order")]). The [Re-advertisement] Order also stated that "[GMAC] shall notify [Houseman] of the status of [Houseman's] HAMP [Home Affordable Modification Program] application and any other available loan modification opportunities as discussed by the parties no later than January 7, 2014." ([Re-advertisement] Order, 11/06/13). On January 15, 2014, [Houseman] filed a *pro se* Emergency Motion for Stay of Sheriff[']s sale[,] which th[e trial c]ourt denied on January 16, 2014. Sale of the [P]roperty took place on January 17, 2014.

On January 28, 2014, [Houseman] filed a counseled Petition to Set Aside …, alleging that [GMAC] failed to comply with Pennsylvania Rules of Civil Procedure 3129.2[1] and 3129.3.[2] [GMAC] responded with its Answer to [Houseman's] Petition to Set Aside … on February 18, 2014. A hearing was held on the [P]etition [to Set Aside] on February 26, 2014, after which th[e trial c]ourt denied the [P]etition and found that [Houseman] had notice of the sale, advertising occurred in accordance with the Rules of Civil Procedure, and the [Re-advertisement] Order did not require re-posting of the [P]roperty.

---

[1] Rule 3129.2 governs the general notice requirements for a Sheriff's sale, and provides, in relevant part, as follows: "Notice of the sale of real property shall be given by handbills as provided by subdivision (b), by written notice as provided by subdivision (c) to all persons whose names and addresses are set forth in the affidavit required by Rule 3129.1, and by publication as provided by subdivision (d)." Pa.R.C.P. 3129.2(a).

[2] Rule 3129.3 governs the notice requirements where the scheduled Sheriff's sale is a postponed sale. Rule 3129.3 provides, in relevant part, as follows: "Except as provided by subdivision (b) or special order of court, new notice shall be given as provided by Rule 3129.2 if a sale of real property is stayed, continued, postponed or adjourned." Pa.R.C.P. 3129.3(a).

[Houseman timely] filed a *pro se* Notice of Appeal on March 6, 2014, followed by a Concise Statement of Matters Complained of on Appeal on March 28, 2014.

Trial Court Opinion, 4/17/14, at 1-2 (footnotes added).

On appeal, Houseman presents the following issues for our review:

1. Was the [Re-advertisement] Order … too ambiguous to be enforceable[?]

2. When the [trial] court chose to use the word "advertise[,]" when advertise is not even part of [Pa.R.C.P.] 3129.2 (the word "publicize" is)[,] did the court's [Re-advertisement O]rder lack the specifics necessary to be enforceable[?]

3. Must a "special order" reflect on the record as a "special" order of court to be legally enforceable[?]

4. Did the [trial] court abuse it's [*sic*] discretion in denying [the Peti]tion to Set Aside [] based on [the] previous history of the case[?]

Brief for Appellant at 5 (issues renumbered for ease of disposition, some capitalization omitted).[3]

Regarding our review of an order denying a petition to set aside a Sheriff's sale, this Court has explained as follows:

Pennsylvania Rule of Civil Procedure 3132 provides:

**Setting Aside Sale**

_____

[3] We note that this Court's docket reveals that Houseman was still residing at the Property when he filed his appellate brief. Additionally, though the record is not entirely clear on this point, it appears that Houseman did not make any payments toward his mortgage after his final payment in October 2009, five months prior to GMAC's filing of its Complaint in mortgage foreclosure. Houseman also conceded in his filings that the amount required to reinstate his mortgage was $24,500. **See** Motion for Stay of Sheriff's Sale, 10/20/10, at 5 (unnumbered).

> Upon petition of any party in interest before delivery of … the sheriff's deed to real property, the court may, upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances.

> [Pa.R.C.P. 3132.]

> Thus, the relevant inquiry is whether proper cause has been shown to set aside the sheriff's sale. The decision to set aside a sheriff's sale is within the sound discretion of the trial court. A petition to set aside a sheriff's sale is based on equitable principles. The burden of proving circumstances warranting the exercise of the court's equitable powers is on the petitioner, and the request to set aside a sheriff's sale may be refused due to insufficient proof to support the allegations in the petition. Sheriff's sales have been set aside where the validity of the sale proceedings is challenged, a deficiency pertaining to the notice of the sale exists, or where misconduct occurs in the bidding process. This [C]ourt will not reverse the trial court's decision absent a clear abuse of discretion.

***Irwin Union Nat'l Bank & Trust Co. v. Famous***, 4 A.3d 1099, 1102 (Pa. Super. 2010) (citations and quotation marks omitted).

Initially, we observe that the trial court noted in its Pa.R.A.P. 1925(a) Opinion that it could deem all of Houseman's issues to be waived, stating that "[d]ue to the format of [Houseman's court-ordered Rule 1925(b)] Concise Statement[,[4]] and [Houseman's] failure to clearly identify the issues he seeks to raise, th[e trial c]ourt is unable to ascertain the precise issues [Houseman] is pursuing on appeal." Trial Court Opinion, 4/17/14, at 2 (footnote added); ***see also*** Pa.R.A.P. 1925(b)(4)(ii) and (vii) (providing, respectively, that "[t]he [Concise] Statement shall concisely identify each

---

[4] Houseman's *pro se* Concise Statement is four pages long, and is in narrative form. ***See*** Concise Statement, 3/28/14.

- 4 -

ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge[,]" and that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph [] are waived."). Nevertheless, the trial court declined to find waiver on this basis, and we will do likewise.

Moreover, we note that in Houseman's appellate brief and reply brief, he fails to cite to any law whatsoever, aside from the Pennsylvania Rules of Civil Procedure discussed above concerning the notice requirements for Sheriff's sales.[5] Houseman's Argument section is also undeveloped.[6] We caution Houseman that we could also deem his issues waived on this basis. *See* Pa.R.A.P. 2119(a) (mandating that an appellant develop an argument with citation to and analysis of relevant legal authority); ***Umbelina v. Adams***, 34 A.3d 151, 161 (Pa. Super. 2011) (stating that "[w]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." (citation omitted)); ***see also Kovalev v. Sowell***, 839 A.2d 359, 367 n.7 (Pa. Super. 2003) (stating

---

[5] Houseman states that he "would agree that he has not presented supporting citations[,] but only because this is simply a case of common sense[,] and by ignoring common sense[,] the trial court has abused its discretion and exercised judgment that is manifestly unreasonable." Reply Brief for Appellant at 5.

[6] Although Houseman includes a slightly more developed Summary of Argument section in his appellate brief and reply brief, he advances in both briefs merely a few sentences of argument. *See* Brief for Appellant at 9-10; Reply Brief for Appellant at 6-7.

that, while this Court can liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant). However, we decline to find waiver and, like the trial court, will briefly address the merits of Houseman's issues.

We address Houseman's first three issues simultaneously, as they are related. Houseman summarizes his argument concerning these issues as follows:

> Judge Campbell chose to use the word "advertise" in his [Re-advertisement O]rder[.] The word "advertise" does not even appear in P[a.R.C.P.] 3129.2. [Houseman] interpreted[,] through statements made by Judge Campbell [at the status conference] on November 6, 2013[,] that to re-advertise was all[-]inclusive of all rules of P[a.R.C.P.] 3129.2 and forms of notice, posting, publicizing, serving[,] etc. [] [u]nder P[a.R.C.P.] 3129.2. At the hearing on [Houseman's Petition] to Set Aside[, GMAC] argued[,] and Judge Campbell agreed[,] **in hindsight**[, that the Re-advertisement Order] was in fact a "special order of court[,]" although not specified as such at that time. [Houseman] would disagree and argue[,] through transcripts of November 6, 2013[, that the Re-advertisement O]rder was very clear and not a "special" order, that [the Re-advertisement O]rder was a response in agreement with [Houseman's] Motion to [S]tay [S]ale …[,] and that[,] as a result[,] a gross miscarriage of justice has occurred[.]

Brief for Appellant at 7 (emphasis in original, some capitalization omitted); ***see also*** Reply Brief for Appellant at 4-5 (same).

As noted above, Rule 3129.3 governs the required notice procedure where, as here, the Sheriff's sale is a postponed sale, and provides, in relevant part, that "[e]*xcept as provided by … special order of court*, new notice shall be given as provided by Rule 3129.2 if a sale of real property is stayed, continued, postponed or adjourned." Pa.R.C.P. 3129.3(a) (emphasis

- 6 -

added); *see also* Pa.R.C.P. 3129.3 cmt. (providing that "[t]he [special order

of court] exception … gives the court discretion to allow postponement of the

sale without new notice in appropriate cases.").

Judge Campbell addressed Houseman's claims in the court's Pa.R.A.P.

1925(a) Opinion as follows:

> This [c]ourt's [Re-advertisement] Order postponing [the] Sheriff[']s sale to January 17, 2014[,] directed that "[t]he Sheriff shall re-advertise the date and time of the sale in accordance with normal advertising Rules." ([Re-advertisement] Order, 11/06/13). In his Petition to Set Aside …, [Houseman] did not contend that the [Re-advertisement O]rder was not a "special order" pursuant to Pa.R.C.P. 3129.3. Instead, [Houseman], through counsel, argued that the meaning of re-advertising included the requirement that the sheriff re-post notice of the sale at the property. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Accordingly, [Houseman] has not preserved this issue for appeal.
>
> Further, even if the issue had been preserved, it is meritless. The exception to the new notice requirement in Rule 3129.3(a) is applicable where a court order "authorize[s] a special notice procedure outside the ambit of the general rule." *In re Porovne*, 436 B.R. 791, 801 (Bankr. W.D. Pa. 2010). Because th[e Re-advertisement] Order modified the requirements for notice of a Sheriff[']s sale delineated in Pa.R.C.P. 3129.2[,] by requiring only advertisement rather than notice to [Houseman] or posting on [the P]roperty, the Order functioned as a special order of court.
>
> [Houseman] does not and cannot allege that he did not receive actual notice of the Sheriff[']s sale that took place on January 17, 2014. He was present at the November 6, 2013 status conference[,] during which the Sheriff[']s sale was postponed to the January date. [Houseman] also subsequently received th[e Re-advertisement] Order[,] which stated the specific date the Sheriff[']s sale was to take place[,] and provided that [GMAC] was to re-advertise the [P]roperty in accordance with the rules of civil procedure. Immediately prior to the sale date, on January 15, 2014, [Houseman] filed an

- 7 -

> Emergency Motion for Stay of Sheriff[']s Sale, indicating that he received actual notice of the sale. Accordingly, [Houseman's] ability to protect his interest was not impaired because he was fully aware that the Sheriff[']s sale would take place on January 17, 2014.

Trial Court Opinion, 4/17/14, at 5-6. Our review confirms that the trial court's sound rationale is supported by the law and the record.

The trial court's Re-advertisement Order was a special order of court, and there is no merit to Houseman's claims to the contrary. It is irrelevant that the Re-advertisement Order did not contain the word "special," as nowhere in the Rules of Civil Procedure is there such a requirement. The Re-advertisement Order governed the notice required for the January 17, 2014 Sheriff's sale. Because the Re-advertisement Order constituted a special order of court, pursuant to Rule 3129.3(a), the dictates of the general notice provision, Rule 3129.2, did not apply,[7] and the Sheriff was authorized to give notice as provided by the Re-advertisement Order.

Houseman also argues that

> the [Re-advertisement O]rder … required all notices as provided in [Rule] 3129.2[,] including but not limited to the posting of handbills, by written notice to all persons whose names and addresses are set forth in the affidavit required by Rule 3129.1, … [and] by posting of the new sale on the [P]roperty ….

Brief for Appellant at 5. There is no merit to Houseman's argument, as the Re-advertisement Order simply directed the Sheriff to "re-advertise the date and time of the sale in accordance with normal advertising Rules." Re-

---

[7] Therefore, contrary to Housman's assertion, it is wholly irrelevant that Rule 3129.2 does not contain the word "advertise."

advertisement Order, 11/06/13. Pursuant to the Re-advertisement Order and the Rules of Civil Procedure, the Sheriff properly advertised the sale of the Property by publication.[8] If the trial court had intended the Sheriff to give the additional forms of notice suggested by Houseman, the court would have included such directives in the Re-advertisement Order. *See* N.T., 11/6/13, at 6 (wherein Judge Campbell stated, regarding his intention concerning the notice required by the Re-advertisement Order, "the Court specifically addressed advertising in accordance with the [R]ules [of Civil Procedure], not posting or not due notice …."). Finally, we observe that Houseman never raised, in his Petition to Set Aside or otherwise before the trial court, his claim on appeal that the Re-advertisement Order lacked the requisite specificity to be enforced. *See* Pa.R.A.P. 302(a) (stating that issues not raised in the trial court are waived).

For the foregoing reasons, we conclude that there is no merit to Houseman's first three allegations of trial court error.

Finally, Houseman argues that

> [t]he [trial] court abuse[d] its discretion in denying [the Peti]tion to Set Aside [] based on [the] previous history of the case. [Houseman] argues that all prior stays and delays of the sale of the [P]roperty were valid and granted by the [trial] court due to

---

[8] In the instant case, the Sheriff advertised the sale of the Property three separate times in both the Adams County Legal Journal and Gettysburg Times. *See* Pa.R.C.P. 3129.2(d) (providing that notice shall "be given by publication by the sheriff once a week for three successive weeks in one newspaper of general circulation in the county and in the legal publication, if any, designated by rule of court for publication of notices, the first publication to be made not less than twenty-one days before the date of sale.").

their validity. To argue that the delays were in fact special consideration[,] and [Houseman] had run out of special consideration[,] represents an abuse of discretion.

Brief for Appellant at 9; *see also* Reply Brief for Appellant at 6 (same).

The trial court addressed this claim in its Opinion as follows:

> [Houseman] claim[s] [] that the [trial c]ourt denied his [P]etition [to Set Aside] because [the court] believed [that Houseman] had "been given unreasonable leniency by the court and basically had enough chances." (Concise Statement, [3/28/14,] p. 2). [Houseman] argues that th[e trial c]ourt improperly considered [Houseman's] many "eleventh hour" motions to stay Sheriff[']s sales. The transcript of the proceedings and th[e trial c]ourt's February 26, 2014 Order reveal that [Houseman's P]etition was denied because [GMAC] complied with the requirements in the [Re-advertisement] Order postponing the Sheriff[']s sale[,] and [Houseman] had notice of when the sale was to take place. The lengthy case history and numerous stays of Sheriff[']s sale indicated that [Houseman] received ample notice of the Sheriff[']s sale and was aware of the status of the case as discussed at the November 6, 2013 status conference. Such considerations aided th[e trial c]ourt in making the equitable determination that the Sheriff[']s sale should not be set aside. Consequently, [Houseman's] contention is meritless.

Trial Court Opinion, 4/17/14, at 4-5. We agree with the trial court's sound rationale and affirm on this basis with regard to Houseman's final issue. *See id.*

Based upon the foregoing, we conclude that the trial court properly exercised its discretion in denying Housman's Petition to Set Aside, and therefore affirm the trial court's Order dated February 27, 2014.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/31/2014